**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

In re:

MARCIA LYNN BRITTAIN,

Debtor.

Case No. A10-00757-DMD
Chapter 13

**Filed On 12/29/10**

## CONFIRMATION MEMORANDUM

The debtor's chapter 13 plan duly came before the court for confirmation on December 21, 2010. The debtor is in poor health and receives social security disability benefits of $1,021.00 per month. She owns several used trucks and trailers. Some of these are used by her ex-husband, Bill Brittain in his trucking business. The business is run out of the couple's home in Wasilla where both Bill and Marcia reside.

Bill Brittain filed a no asset Chapter 7 in 2004. He has substantial post discharge liabilities, including over $60,000.00 in federal income taxes secured by a federal tax lien, and a judgment of $23,000.00 held by Recovery Management, Inc.

Under the debtor's plan, she will receive income from Bill to make payments of $1,000.00 per month to the trustee. She will also sell off a used truck and some trailers to help cure the $20,000.00 plus arrearage owed to Don Haskins. Mr. Haskins is the unfortunate holder of a $111,625.92 secured claim on the debtor's Wasilla residence.

Under 11 U.S.C. § 1325(a)(6) the court must find that "the debtor will be able to make all payments under the plan and to comply with the plan." This is the feasibility test. I don't see how it is feasible for the debtor to rely on payments of $1,250.00 a month from

her ex-husband to support the plan. He owes too much money to third parties for it to happen. Nor do I belief that the liquidation values for the old truck and trailers are realistic. The plan is not feasible and cannot be confirmed.[1]

        DATED: December 28, 2010.

                                  BY THE COURT

                                  /s/ Donald MacDonald IV
                                  DONALD MacDONALD IV
                                  United States Bankruptcy Judge

Serve:      J. Carney, Esq.
              M. Miles, Esq.
              L. Compton, Trustee
              U. S. Trustee

              12/29/10

---

[1] Mr. Haskin's attorney stated that the debtor's house is uninsured. Failure to insure the home is cause for relief from stay under 11 U.S.C. § 362(d)(1). Mr. Haskins should review AK LBR 4001-1 and utilize AK LBF 1 and 2 to obtain stay relief.