## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

MARCIA LYNN BRITTAIN,

　　　　Debtor.

Case No. A10-00757-DMD
Chapter 13

Filed On
2/2/11

## HEARING MEMORANDUM

On February 1, 2011, the motion for relief from stay filed by Don Haskins duly came before the court for a preliminary hearing along with a hearing on the debtor's request for rehearing and reconsideration of plan confirmation. The motion for relief from stay submitted by Don Haskins generally failed to comply with the form required in this district, AK LBF-1. AK LBF-1 specifically requires that the creditor attach copies of all security agreements, financing statements, titles and other perfection documents necessary to prove the validity of its security interest. This has not been done. The proof of claim also lacks all documentation. It is impossible for me to determine the merits of the parties' insurance dispute without the documents that detail this requirement. The motion for relief from stay will be denied without prejudice to the filing of an amended motion for relief from stay that properly follows LBF-1.[1]

I have some additional comments regarding the Haskins claim. The proof of claim submitted by Mr. Haskins states that the debtor has a $20,174.91 arrearage. An

---

[1] Prior to the filing of an amended request for relief from stay, I strongly recommend that Ms. Miles consult or associate with an experienced bankruptcy attorney. Richard Ullstrom specializes in relief from stay in bankruptcy cases. He does very good work. Eric Conard, Erik LeRoy and Gary Spraker are experienced bankruptcy attorneys of the highest caliber. Any one of these gentlemen could offer material assistance in this case.

attachment lists fees of $1,845.06 for foreclosure services from Valley Foreclosure,

$2,180.00 in attorney fees from Melinda Miles; $4,050.08 in "Representatives Services" for

Debra Beeson, and other items.  There is no backup itemizing any of these charges.  Given

the size of the loan and the low value of the collateral, these fees appear excessive and

unreasonable.  A reduction in the amount of such fees could improve the debtor's feasibility

argument.  I will leave it to debtor's counsel to initiate appropriate objections.[2]

Regarding the debtor's motion for reconsideration, I cannot confirm the

debtor's plan as it now exists.  I regard the debtor's proposed sale of an old truck and some

trailers to cure the arrearage as overly optimistic and too open-ended.  There has to be a

schedule of payments due by specific dates as well as a backup plan if the sales fall short.

The debtor's motion will be denied.

DATED: February 2, 2011.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:      J. Carney, Esq.
            M. Miles, Esq.
            R. Ullstrom, Esq.
            E. Conard, Esq.
            E. LeRoy, Esq.
            G. Spraker. Esq.
            L. Compton, Trustee
            U.S. Trustee

                 2/2/2011

---

[2]If the debtor has converted a trailer that is part of the creditor's collateral, the value of the trailer
would likely increase the amount of the creditor's arrearage.

2